**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DUTCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-01257-MTS |
| | ) | |
| TREVOR FOLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

While serving a sentence for multiple Sioux City robberies he committed—one while armed with a butcher's knife and one while armed with a gun—Plaintiff Michael Dutcher attempted to escape from the Iowa prison that confined him. *See State v. Dutcher*, 885 N.W.2d 218, 2016 WL 3002950, at *1 (Iowa Ct. App. 2016) ("*Dutcher I*") (table decision); *State v. Dutcher*, 14 N.W.3d 381, 2024 WL 4369618, at *1 (Iowa Ct. App. 2024) (table decision) ("*Dutcher II*").[1] During the attempted escape, Dutcher killed an infirmary nurse and a correctional officer by bludgeoning them to death with a hammer. *Dutcher II*, 2024 WL 4369618, at *1. He attempted to kill a third individual and took a fourth individual hostage. *Id.* Despite its tragic cost, Dutcher's escape attempt thankfully failed, and he eventually pleaded guilty to two counts of murder in the first degree, one count of kidnapping in the second degree, and one count of attempted murder. *Id.*

[1] *See Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

In this action, in his First Amended Complaint, Dutcher states that, pursuant to his plea agreement, he "receive[d] an interstate transfer from the Iowa Department of Corrections to the Missouri Department of Corrections" under the Interstate Corrections Compact. Doc. [31-1] at 8. He therefore is serving his sentence for his violations of Iowa law within the Missouri Department of Corrections ("MDOC"). He first arrived within MDOC at the Jefferson City Correctional Center. For patently obvious reasons, officials placed him in a "high-restrictive unit." *Id.* at 8. He remained in the high-restrictive unit throughout his stay in Jefferson City Correctional Center. MDOC then transferred Dutcher to Potosi Correctional Center. There, too, officials placed Dutcher in the "restrictive housing unit." *Id.* at 9.

Dutcher alleges that he has had numerous hearings regarding his placement in restrictive custody since he has been at Potosi Correctional Center. *Id.* at 18. He says the "committee" consistently recommended additional time in restrictive custody, and that Defendants consistently approved the recommendation. *Id.* In this action, Dutcher maintains that his continued placement in restrictive custody violates his rights under the Constitution of the United States, the Constitution of Missouri, and Missouri law. *Id.* 22–23. He prays for declaratory and injunctive relief along with compensatory and punitive damages against about twenty Defendants.[2]

---

[2] Dutcher filed this action in the Missouri Circuit Court against Defendants Trevor Foley, Deanna Duff, Chrystal Schmitz, and David Vandergriff. The Missouri Circuit Court granted Dutcher leave to proceed *in forma pauperis*. Defendants then removed the action to this Court. Dutcher later filed an Amended Complaint wherein he named more than fifteen other Defendants. These additional Defendants have not been served. *See* 28 U.S.C. § 1915A(a).

Defendants Foley, Duff, Schmitz, and Vandergriff have moved for dismissal of Dutcher's action. Doc. [34]; *see also* Fed. R. Civ. P. 12(b)(6). They argue that res judicata prevents the re-litigation of Dutcher's claims here and that, in any event, Dutcher's First Amended Complaint fails to state a claim upon which relief can be granted. The Court agrees that the First Amended Complaint fails to state a claim upon which relief can be granted; the Court therefore will grant Defendants' Motion to Dismiss and dismiss the remaining claims against the remaining unserved Defendants. *See* 28 U.S.C. § 1915A(a), (b)(1).

*

In February 2023, Dutcher filed what he called a Habeas Corpus Action in the Twenty-Fourth Judicial Circuit Court of Missouri against David Vandergriff. *See Dutcher v. Vandergriff*, 23WA-CC00028 (Mo. Cir. Ct.). In that case, Dutcher alleged that he had been "subject to numerous illegal and unjust actions" by "Vandergriff and other [MDOC] and PCC personnel," Doc. [34-1] ¶ 9, and he went on to detail his extended time in administrative segregation, *see, e.g.*, *id.*, ¶¶ 20, 24. The procedures surrounding his confinement to administrative segregation violated his due process rights, Dutcher argued, as well as the Department's own policies.

The court entered an order to show cause, requiring Respondent Vandergriff to show cause why the court should not grant Dutcher's writ. Vandergriff responded detailing Dutcher's first-degree murder convictions and numerous conduct violations within MDOC, including violations for threats. The court then entered a judgment dismissing the petition for the reasons set forth in Vandergriff's response to the show-

cause order. The judgment was silent on whether it was with or without prejudice. Dutcher appealed, and the Missouri Court of Appeals dismissed his appeal.

This Court does not agree with moving Defendants that res judicata necessarily bars Dutcher's claims here. *See Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) ("Res judicata incorporates the concepts of both issue preclusion and claim preclusion."). Because the original judgment was silent on whether it was with or without prejudice, Missouri Supreme Court Rule 67.03 provides that it was without prejudice. *See Naylor Senior Citizens Hous., LP v. Side Const. Co.*, 423 S.W.3d 238, 242 (Mo. banc 2014) (explaining that since the trial court's judgment dismissing the plaintiff's claims was silent as to whether that dismissal was with or without prejudice, it is assumed to be without prejudice under Rule 67.03). And as Dutcher points out, Missouri's online case management system plainly labels the disposition of the case as a dismissal without prejudice. For this reason, Defendants' res judicata argument fails. *Al-Saadoon v. Barr*, 973 F.3d 794, 801 (8th Cir. 2020) ("Ordinarily, a judgment dismissed without prejudice does not create a res judicata bar."); *see also, e.g.*, *Smith v. Mo. Dep't of Corr.*, 207 F. App'x 736, 737 (8th Cir. 2006) (per curiam) (finding conditions of res judicata were not met because first action was dismissed without prejudice).

Regardless of the preclusive effect of Dutcher's prior action, the Court agrees with moving Defendants that Dutcher's claims fail on their merits. Dutcher's first problem is that his claims rest largely on his theory that his continued placement in administrative segregation, and the process prison officials are using to evaluate whether Dutcher should

be held in administrative segregation, violate Department of Corrections policy and the Interstate Corrections Compact between Iowa and Missouri. But even *if* Dutcher were correct on that point—and the Court has seen nothing indicating that he is correct on that point—those violations would not amount to *constitutional* violations like Dutcher seems to suggest. *See Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991) (concluding "the Interstate Corrections Compact has not been transformed into federal law, and therefore, cannot be a basis for [a prisoner's] 42 U.S.C. § 1983 claim"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (explaining there is no § 1983 liability based on prison officials' violation of prison policy; an inmate must prove a constitutional-right violation); *see also, e.g.*, *Johnson v. Norris*, 3 F. App'x 579 (8th Cir. 2001) (per curiam) (affirming dismissal of § 1983 claim for violation of Interstate Corrections Compact); *Moore v. Rowley*, 126 F. App'x 759, 760 (8th Cir. 2005) (per curiam) (affirming dismissal of § 1983 claim premised on alleged violation of prison policy).[3]

Dutcher then references procedural due process and the Eighth Amendment. But he affirmatively pleads that prison officials consistently reevaluate the need to keep him in administrative segregation and discuss it with him. Thus, Dutcher's own pleading

[3] What is more, Missouri courts have not recognized a private right of action for an alleged violation of the Interstate Corrections Compact. *See* Mo. Rev. Stat. § 217.535. Nor is there any reason to predict that they would. *See Neighbors Against Large Swine Operations v. Cont'l Grain Co.*, 901 S.W.2d 127, 130 (Mo. Ct. App. 1995) ("Missouri will permit the implication of a private right of action in only the narrowest of circumstances." (citing *Johnson v. Kraft Gen. Foods, Inc.*, 885 S.W.2d 334 (Mo. banc 1994))); *cf. Vang v. Angelone*, 37 F.3d 1507 (9th Cir. 1994) (noting the Interstate Corrections Compact "does not establish a private right of action as a third party beneficiary"). The Court discerns no viable claims under state law within Dutcher's First Amended Complaint. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

establishes that Defendants have provided him any process that he may[4] be constitutionally due. *See Spann v. Lombardi*, 65 F.4th 987, 992–93 (8th Cir. 2023) (noting, in context of a disciplinary transfer to administrative segregation, that the transfer "requires only informal, nonadversary due process procedures"); *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987) (per curiam) (finding prison was not required to hold formal hearing before concluding prisoner should be "segregated for administrative reasons involving the safety of the prison employees and other inmates"); *Clark v. Brewer*, 776 F.2d 226, 234 (8th Cir. 1985) (requiring "some type of reasonable, periodic review" of the solitary confinement of prisoner—who previously had murdered another inmate and a penitentiary guard—but noting that "in most cases" "the frequency of that review" should be "left to the informed discretion of prison officials").

In sum, even if Dutcher's confinement to administrative segregation triggers due process protections, Defendants have provided them here. *See* Alexander A. Reinert, *Solitary Troubles*, 93 Notre Dame L. Rev. 927, 943 (2018) (noting that "[e]ven when" solitary confinement "trigger[s] due process protections, very limited procedures apply"). Therefore, Dutcher has not stated a due process claim—and certainly not one that would overcome Defendants' qualified immunity.[5] *See Hamner v. Burls*, 937 F.3d 1171, 1180–

[4] "In general, solitary confinement and isolation of prisoners who are a threat to themselves or to the safety and security of others are not of themselves a denial of due process." 16C C.J.S. *Constitutional Law* § 1770 (2024).

[5] Though the moving Defendants did not raise qualified immunity in their Motion, the Court chooses to find it here as an alternative reason to grant the Motion to Dismiss as to Dutcher's claims for damages. *See Story v. Foote*, 782 F.3d 968, 970 (8th Cir. 2015) (sua sponte raising the affirmative defense of qualified immunity); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) if the

81 (8th Cir. 2019) (Erickson, J., concurring) ("[T]here is currently no precedent in our court establishing a due process violation for failing to provide adequate procedural protections in the context of administrative segregation[.]").

Nor has Dutcher stated an Eighth Amendment claim. "The treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994). "A prison official violates the Eighth Amendment when two conditions are met: 1) the deprivation alleged is sufficiently serious—the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities; and 2) the prison official acts with 'deliberate indifference'—he knows of and disregards an excessive risk to inmate health and safety." *Id.*; *accord Wilson v. Seiter*, 501 U.S. 294, 302–04 (1991) (holding deliberate indifference standard applies generally to prisoner challenges to conditions of confinement). The facts Dutcher pleads fail to show that his confinement to administrative segregation meets either of these two conditions.

Courts of appeals have upheld significant stints in administrative segregation against Eighth Amendment challenges. *See, e.g.*, *Brown*, 33 F.3d at 955 (holding that confinement to administrative segregation for nine years did not violate Eighth Amendment); *Royal v. Clark*, 447 F.2d 501, 501 (5th Cir. 1971) (per curiam) (finding no Eighth Amendment violation for confinement in administrative segregation for over two years for inmate categorized by prison officials as "a vicious individual whose

---

dismissal does not precede service of process); *see also Hayes v. Bolen*, 594 F. App'x 420, 421 (9th Cir. 2015) (mem.) (noting qualified immunity does not preclude prospective relief).

segregation is required to ensure the safety of inmates and prison employees"); *Johnson v. Prentice*, 29 F.4th 895, 904–05 (7th Cir. 2022) (finding disciplinary segregation with yard restrictions for "about three years in total" did not violate Eighth Amendment given inmate's "continuous, serious, and sometimes highly dangerous" behavior), *cert. denied*, 144 S. Ct. 11 (2023).[6]

Dutcher seems to suggest that Defendants are keeping him in administrative segregation solely for punitive reasons, to enhance the punishment for his Iowa criminal offenses. Even assuming that that would be constitutionally problematic here, that narrative fails the plausibility standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). Dutcher brutally murdered two prison employees and held a third person hostage while he served time for previous violent criminal offenses. *See Dutcher I*, 2016 WL 3002950, at *1; *Dutcher II*, 2024 WL 4369618, at *1. MDOC officials have an obligation to ensure their employees—as well as other inmates—are safe. *See Wilkinson v. Austin*, 545 U.S. 209, 227 (2005) ("The State's first obligation must be to ensure the safety of guards and prison personnel, the public, and the prisoners themselves.").

MDOC can ensure safety in its prisons by keeping prisoners who have proven themselves to be monstrously violent restricted to the most secure confines in its institutions. *See* M. Mushlin, 1 *Rights of Prisoners* § 3:19 (5th ed.) (calling

---

[6] It would be difficult to conclude that Dutcher's confinement in administrative segregation violates the Eighth Amendment when, only a mere decade ago, it was "estimated that 25,000 inmates in the United States [we]re [then] serving their sentence in whole or substantial part in solitary confinement, many regardless of their conduct in prison." *Davis v. Ayala*, 576 U.S. 257, 287 (2015) (Kennedy, J., concurring).

administrative segregation "a place to isolate inmates whom prison officials consider unduly violent or disruptive regardless of whether specific rules were violated"). "This scenario provides a far more likely—indeed 'obvious'—alternative explanation of [Defendants'] actions[.]" *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 376 (8th Cir. 2017) (Loken, J., concurring in part and dissenting in part); *see also Iqbal*, 556 U.S. at 681 (finding that "given more likely explanations," plaintiff's allegations did not "plausibly establish" the discriminatory purpose the plaintiff suggested).

* * *

The Court has no doubt that Dutcher finds his administrative segregation unpleasant. *See* Doc. [31-1] at 21 (Plaintiff lamenting that administrative segregation is causing him "serious injury to the quality of [his] life"). Indeed, some days he may even feel that his confinement "comes perilously close to a penal tomb." *See Apodaca v. Raemisch*, 586 U.S. 931, 937 (2018) (statement of Sotomayor, J., respecting denial of certiorari). But the Court closes with the observation that "the accommodations in which [Dutcher] is housed are a far sight more spacious than those in which his victims . . . now rest." *Davis*, 576 U.S. at 290 (Thomas, J., concurring). Because Dutcher's claims all fail on their merits, the Court will grant the Motion to Dismiss.[7]

Accordingly,

[7] For all the same reasons discussed herein, the Court will dismiss the additional unserved Defendants and dismiss this action. *See* 28 U.S.C. § 1915A(a), (b)(1); *id.* § 1915(e)(2)(b)(ii); 42 U.S.C. § 1997e(c)(1); *see also Duff v. Yount*, 51 F. App'x 520, 521 (6th Cir. 2002) (affirming dismissal of removed complaint under §§ 1915(e), 1915A); *Crooker v. Burns*, 544 F. Supp. 2d 59, 67 (D. Mass. 2008) (screening removed complaint under § 1915A and noting "it is of no moment that the civil actions were originally filed in state court and then removed to this forum").

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [34], is **GRANTED**.

The Court will enter herewith an Order of Dismissal dismissing this action with prejudice.

Dated this 26th day of February 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE